RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10-8-06
BY JPB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL SAMPSON | DOCKET NO. 06-1312; SEC. P |
| VERSUS | JUDGE DRELL |
| **RICHARD STALDER, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Michael Sampson, filed *in forma pauperis* on July 31, 2006. Sampson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is currently housed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. He names as defendants Richard L. Stalder, Warden Tim Wilkinson, and WCC employees Nicole Scott Walker and Mona Hayes. Plaintiff claims that the defendants have denied him access to the courts and have failed to abide by the terms of a contract between WCC, the Department of Public Safety and Corrections, and Corrections Corporation of America..

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court. For the following reasons, it is recommended that Plaintiff's complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

Plaintiff has alleged:

1. Plaintiff sought legal books and cases from "inmate counsel Dougas" in the month of November 2005, which he wished to use in preparing an objection to a Report and

Recommendation in Plaintiff's habeas case. He was told that he would have to write the program manager in order to obtain those materials.

2. Plaintiff submitted a written request for books and cases to the program manager, Nicole Scott Walker, but she failed to respond.

3. Plaintiff filed a motion for extension of time in his habeas case. The court granted Plaintiff a thirty day extension to file his objection.

4. Plaintiff submitted a second request to the program manager on December 9, 2005, again requesting materials necessary to object to a report and recommendation. The program manager again failed to respond.

5. On December 15, 2005, Plaintiff was released from segregation into the general population. The next day, Plaintiff spoke with Warden Wilkinson about the situation, and the warden assured Plaintiff that he would speak to the program manager. However, according to Plaintiff, no books or cases were issued because the law library was closed and the computers were not working.

6. On December 20, 2006, Plaintiff submitted a notice to the warden advising that the law library computers were not working and that the library is closed most of the time because of a lack of security. The warden did not respond.

7. On January 1, 2006, Plaintiff wrote to the Warden again. This time the warden advised that Lexis would be sending updated software to WCC.

8. On January 6, 2006, Plaintiff submitted an Administrative Remedy Procedure ("ARP") complaining that the institution failed to provide adequate security for the library and that his right to access the law library and court had been violated.

9. On March 31, 2006, a response to Plaintiff's ARP (#WNC-2006-177) was handed down by "screening officer Mona Hayes." Plaintiff's ARP was denied, but he claims that Hayes failed to properly investigate the situation. Plaintiff states that his complaint should have been forwarded by Ms. Hayes directly to the Department of Public Safety and Corrections.

10. Plaintiff proceeded to the second step of the administrative remedy procedure, but the ARP was denied at that level, as well.

11. Plaintiff complains that the institution failed to have a backup plan for situations where the computer was broken.

Plaintiff has alleged and established exhaustion of administrative remedies. Plaintiff seeks a declaratory judgment that the defendants violated his constitutional rights and their own policies when they denied him access to the courts and the prison library. Plaintiff also seeks an injunction ordering the defendants to abide by their policies, the ACA standards, and their contractual obligations. Finally, Plaintiff seeks compensatory damages of $175,000 as well as $40,000 in punitive damages.

## LAW AND ANALYSIS

1. **Frivolity Review**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

## 2. Contract Claims

Plaintiff claims that WCC has failed to abide by it contractual agreement with the Department of Corrections and Corrections Corporation of America ("CCA"). For this alleged violation, Plaintiff seeks monetary and injunctive relief. A breach of contract claim is not cognizable under Section 1983. Furthermore, Plaintiff is not a party to the contract that is the subject of his lawsuit.

## 3. Prison Library & Access to Courts

Plaintiff claims that the library computer was out of order, which made him unable to obtain copies of cases that were necessary to file an objection to the report and recommendation in his habeas case. Furthermore, Plaintiff claims that the library is closed most of the time because of insufficient security.

The right of access to the courts assures that no person will be denied the opportunity to

present to the judiciary allegations concerning violations of fundamental constitutional rights. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); Norton v. Dimazana, 122 F.3d 286, 289 (5th Cir.1997). However, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. See Lewis v. Casey, 518 U.S. at 356 ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.")

Plaintiff's allegations, construed liberally and all taken as true for the purposes of this review, fail to demonstrate that the defendants denied him access to the courts as that term is defined in the foregoing cited jurisprudence. As stated above, the Supreme Court has not extended the right to access the courts to encompass any more than the ability of an inmate to prepare and transmit a necessary legal document to a court. Brewer v. Wilkinson, 3 F.3d at 821; see also Lewis v. Casey, 518 U.S. at 349-355; Norton v. Dimazana, 122 F.3d at 290; and Eason v. Thaler, 73 F.3d 1322, 1329 (5th Cir.1996). Further, even assuming that a plaintiff is able to demonstrate that a defendant somehow deprived him of his constitutional right to access the courts, he must still allege facts to establish that he suffered some prejudice as a result of the deprivation. That requirement has long been established by Supreme Court and Fifth Circuit jurisprudence. See Lewis v. Casey, 518 U.S. at 350-355; Eason v. Thaler, 73 F.3d at 1328; Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir.1993); Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.1992), cert. denied 504 U.S. 988, 112 S.Ct. 2974 (1992); Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir.1988).

In the instant case, Plaintiff cannot establish that he was denied access to the courts, nor can

he allege any specific facts establishing that he was actually prejudiced in connection with any pending or contemplated legal proceeding by any alleged act or omission by any of the named defendants. First, the court records indicate that Plaintiff filed a Petition for Writ of Habeas Corpus on June 3, 2005. A Report and Recommendation was issued and filed into the record on December 2, 2005. Plaintiff then received an extension of time to file an objection to the Report and Recommendation. Plaintiff did ultimately file his objection on January 9, 2006. Sampson v. Warden, 1:05-cv-0969, Document #9. On the fifth typed page of that objection, Plaintiff wrote that he could not finish drafting the document because the library had been closed and the computer was not working. Plaintiff submitted twenty pages of exhibits with his objection.

While Plaintiff was allegedly unable to finish drafting the objection, he was able to set for the basis of his objection. Further, the District Judge conducted his own thorough and independent review of the record, including the objection filed by petitioner. The District Judge ultimately reached the same result as the undersigned, that Plaintiff's petition for writ of habeas corpus was time-barred by the one year limitation period codified at 28 U.S.C. §2244(d). So, even assuming that the defendants failed to provide him with adequate access to the library and court, Plaintiff cannot show that, had he obtained the specific cases he was looking for, the District Judge would have found any differently. The evidence was clear to the Court that Plaintiff's case was time-barred, and Plaintiff did not appeal that judgment.

Because Plaintiff has presented no fact-specific allegations establishing that he was ever truly prejudiced in connection with any actual or proposed legal proceeding, his claims do not provide a basis for recovery under § 1983. Plaintiff was able to adequately present his objection to the report and recommendation in his habeas case, and he was able to file the instant civil rights action. He

cannot show that, had he been able to procure certain cases, he would have succeeded on his habeas case.

The Supreme Court has stated, "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." See Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). Plaintiff was not denied that ability.

For the foregoing reasons, Plaintiff has failed to state a claim for which relief can be granted; his complaint is frivolous and should be dismissed as such.

Therefore,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted, in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B) and §1915A(b)(1) and (2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services**

Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 8th day of December, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE